## A06A1810. PATRICK v. THE STATE.
### (644 SE2d 309)

RUFFIN, Judge.

Clarence Gilbert Patrick pleaded guilty to shoplifting, and the trial court sentenced him as a recidivist under OCGA § 17-10-7 (c).[1] In his sole enumeration of error on appeal, Patrick contends that the trial court erred in applying the general recidivist provision in OCGA § 17-10-7 (c) as opposed to the specific provision for shoplifting contained in OCGA § 16-8-14 (b) (1) (C). For reasons that follow, we affirm.

The underlying facts are undisputed. After Patrick was charged with shoplifting, the State filed notice of its intent to seek recidivist punishment under OCGA § 17-10-7 (c). The State attached to its

---

[1] Patrick apparently entered a "capped plea," freeing the trial court to sentence him within a range.

notice a printout of Patrick's criminal history, which showed numerous convictions, including multiple convictions for shoplifting. However, the State did not seek enhanced punishment based upon the shoplifting convictions and instead provided certified copies of three nonshoplifting felonies. The trial court then sentenced Patrick under the general recidivist provisions, using the nonshoplifting felonies.

On appeal, Patrick argues that the trial court erred, citing *Williams v. State*[2] for the proposition that he should have been sentenced under OCGA § 16-8-14 (b) (1) (C). In *Williams*, the defendant was tried and convicted for his fifth shoplifting offense. His prior offenses included three felony and one misdemeanor shoplifting convictions and three nonshoplifting felonies. Although the trial court sentenced Williams under OCGA § 17-10-7 (c),[3] we reversed, reasoning that the proper recidivist sentencing scheme was found in OCGA § 16-8-14 (b) (1) (C),[4] which deals specifically with enhanced punishment for shoplifting.

Our holding in *Williams* was premised, in large part, upon language employed by the Supreme Court in *Mann v. State*,[5] which addressed the interplay between the general sentencing provisions of OCGA § 17-10-7 and the specific provisions contained in OCGA § 16-13-30 (d). Applying the principle that " 'a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent[,]' " the Supreme Court found that the specific sentencing provision applied.[6] However, in a subsequent case, *Butler v. State*,[7] the Supreme Court found no bar to applying the general recidivist provision, notwithstanding the existence of a specific scheme, so long as no statutory language *blocked* such application. Here, there is nothing in OCGA § 16-8-14 (b) (1) (C), which specifically governs

---

[2] 261 Ga. App. 176 (582 SE2d 141) (2003).

[3] This Code section provides, in relevant part, that
any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

[4] This Code section provides that
[u]pon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, . . . the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld.

[5] 273 Ga. 366 (541 SE2d 645) (2001).

[6] Id. at 368 (1).

[7] 281 Ga. 310, 312 (637 SE2d 688) (2006); see also *Goldberg v. State*, 280 Ga. App. 600, 606-607 (3) (634 SE2d 419) (2006), cert. granted Jan. 8, 2007.

fourth-time shoplifting offenders, that blocks the application of the general recidivist provisions set forth in OCGA § 17-10-7 (c). Accordingly, the trial court did not err in sentencing Patrick under OCGA § 17-10-7. To the extent that *Williams* and any other decisions of this Court are inconsistent with the ruling in *Butler*, it appears that the Supreme Court has overruled them by implication.

*Judgment affirmed. Barnes, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Miller, Ellington, Phipps, Mikell, Adams and Bernes, JJ., concur.*

DECIDED MARCH 23, 2007.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*David McDade, District Attorney, Irene M. Jacobsen, Assistant District Attorney*, for appellee.