S06G2054. GOLDBERG v. THE STATE.
(651 SE2d 667)

CARLEY, Justice.

Michael Goldberg was indicted for and found guilty of burglary. It was his fifth felony conviction, and his third for burglary. Before

trial, the State provided notice that it would rely on Goldberg's prior felony convictions for imposition of recidivist sentencing pursuant to OCGA § 17-10-7. Citing that Code section, the trial court sentenced him to a term of 20 years, with 10 to serve. Subsection (a) of OCGA § 17-10-7 provides that an accused who, having previously committed a felony, commits another,

> shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

Under subsection (c), a defendant with three prior felony convictions who then

> commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

Goldberg appealed to the Court of Appeals and urged that the trial court erroneously failed to impose sentencing pursuant to OCGA § 16-7-1 (b). Under that statute, "[u]pon a third conviction for the crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than five nor more than 20 years." The Court of Appeals affirmed, holding that it "has made it clear that a defendant who has multiple prior convictions in addition to burglary convictions is properly sentenced under OCGA § 17-10-7." *Goldberg v. State*, 280 Ga. App. 600, 606 (3) (634 SE2d 419) (2006). Goldberg petitioned for certiorari, urging that his sentence should be imposed pursuant to OCGA § 16-7-1 (b) as the specific recidivist statute for multiple burglary convictions. We granted the petition to address that issue of sentencing.

If OCGA § 16-7-1 (b) is applicable, then the trial court had the discretion to sentence Goldberg to as few as five years. If, on the other hand, OCGA § 17-10-7 (a) applies, the trial court was required to sentence him to 20 years. " 'Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered.' [Cits.]" *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003). However, that principle does not control here unless OCGA § 16-7-1 (b) and OCGA § 17-10-7

(a) are "conflicting provisions." *Gee v. State*, 225 Ga. 669, 677 (7) (171 SE2d 291) (1969). "[I]n interpreting criminal statutes, it is axiomatic that any ambiguities must be construed most favorably to the defendant. [Cits.]" *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001). Again, however, that principle controls only if an ambiguity exists as to which of the two statutes applies. "For purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent. [Cit.]" *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998). Thus, resolution of the issue presented in this case ultimately depends on whether there is any indication that the General Assembly intended that OCGA § 17-10-7 (a), as the general recidivist sentencing statute applicable to habitual felons, prevail over OCGA § 16-7-1 (b), as the specific recidivist sentencing statute for a third-time burglar.

"In construing a statute, the cardinal rule is to glean the intent of the legislature. [Cits.] Language in one part of the statute must be construed ' "in the light of the legislative intent as found in the statute as a whole." ' [Cit.]" *Alford v. PSC*, 262 Ga. 386, 387 (1) (a) (418 SE2d 13) (1992). Subsection (e) of OCGA § 17-10-7 provides that "[t]his Code section is supplemental to other provisions relating to recidivous offenders." Thus, the General Assembly has expressly indicated its intent that OCGA § 17-10-7 and other recidivist sentencing provisions, such as OCGA § 16-7-1 (b), be construed harmoniously. Accordingly, they are not conflicting provisions, and each must be interpreted so as to avoid any ambiguity between them. Furthermore,

> we must presume that the Legislature was aware of the history of the "supplement" language and intended by its inclusion in [OCGA § 17-10-7] to give substantive weight to subsection (e). See generally *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298) (1966) (statutes presumed to be enacted by Legislature with full knowledge of existing condition of the law and with reference thereto); *Daniel v. Citizens and Southern Nat. Bank of Atlanta*, 182 Ga. 384, 395 (185 SE 696) (1936) (it is the duty of the court, where possible, to give an act such construction as will give full force and effect to all of its provisions). Accordingly, we must conclude that the Legislature intended . . . that the general recidivist provisions in OCGA § 17-10-7 (e) supplement all existing specific recidivist provisions . . . .

*Butler v. State*, 281 Ga. 310, 311-312 (637 SE2d 688) (2006).

If OCGA § 17-10-7 is supplemental, rather than subordinate, to OCGA § 16-7-1 (b), then the provisions of that general recidivist

sentencing statute must be given effect where it is applicable according to its terms. Otherwise, the legislative intent would be frustrated. " ' "The power to create crimes and to *prescribe punishment therefor is legislative.*" [Cit.]' [Cit.]" (Emphasis in original.) *Paras v. State*, 247 Ga. 75, 76 (1) (c) (274 SE2d 451) (1981). While Goldberg's prosecution may have resulted in his third conviction for burglary, he has at least two additional prior convictions for felonies other than burglary. As a result of those prior non-burglary convictions, he

> was, for sentencing purposes, *more* than a mere [three]-time burglary offender under the specific recidivist provisions of OCGA § 16-7-1 (b). He was [also] a [two]-time felony offender under the general recidivist provisions of OCGA § 17-10-7 (a). [Cit.] Accordingly, the trial court properly sentenced [him] as a recidivist "under OCGA § 17-10-7[.]" (Emphasis supplied.)

*Mitchell v. State*, 202 Ga. App. 100, 102 (2) (413 SE2d 517) (1991). See also *Stephens v. State*, 259 Ga. App. 564, 565 (578 SE2d 179) (2003). Because Goldberg was "more" than just a habitual burglar, he was subject, as a habitual felon, to the "supplemental" provisions of OCGA § 17-10-7. Where, on the other hand, an accused's prior convictions are only for burglary, OCGA § 16-7-1 (b) controls and there is no reason to consider the supplemental provisions of OCGA § 17-10-7. See *Norwood v. State*, 249 Ga. App. 507, 508 (2) (548 SE2d 478) (2001). In other words, OCGA § 16-7-1 (b) applies in cases involving "only prior and current burglary convictions, [cit.] [but] no statute exists other than OCGA § 17-10-7 that speaks to sentencing based on the mixed variety of felony convictions involved here." *Buckner v. State*, 253 Ga. App. 294, 297 (3) (558 SE2d 823) (2002).

Goldberg relies on *Mann v. State,* supra, as authority for a contrary holding. However, the sentencing statute at issue in *Mann* was OCGA § 16-13-30 (d), which provides, in relevant part, that "[t]he provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second [drug] offense . . . ." Thus, under the express language of the Code section discussed in *Mann*, OCGA § 17-10-7 could not constitute a supplemental sentencing provision. However, OCGA § 16-7-1 (b) does not contain such exclusionary language. Accordingly, *Mann* is not authority for sentencing Goldberg under the specific, rather than general, recidivist provision. Instead, *Mann* supports the conclusion that he was properly sentenced under OCGA § 17-10-7 (a), because

> [t]here would be no need for the language in OCGA § 16-13-30 (d) blocking the application of subsection (a) of OCGA

§ 17-10-7 if subsection (e) did not otherwise require the general recidivist statute to prevail over the specific recidivist statute.

*Butler v. State*, supra at 312 (discussing *Mann*). Therefore, in the absence of language in OCGA § 16-7-1 (b) blocking application of subsection (a) of OCGA § 17-10-7, subsection (e) otherwise requires that the latter general recidivist statute prevail over the former specific recidivist provision. Thus, as the Court of Appeals has recently recognized, in *Butler*, we

> found no bar to applying the general recidivist provision, notwithstanding the existence of a specific scheme, so long as no statutory language blocked such application. Here, there is nothing in OCGA § [16-7-1 (b)], which specifically governs [three]-time [burglary] offenders, that blocks the application of the general recidivist provisions set forth in OCGA § 17-10-7 (c). Accordingly, the trial court did not err in sentencing [Goldberg] under OCGA § 17-10-7. (Emphasis omitted.)

*Patrick v. State*, 284 Ga. App. 472, 473-474 (644 SE2d 309) (2007). Goldberg also relies on *Mikell v. State*, 270 Ga. 467 (510 SE2d 523) (1999). There, like here, the defendant had prior felony convictions for both the same and different offenses than that for which he was being prosecuted, and the State provided notification of its intent to rely on OCGA § 17-10-7 (a) even though there was a specific recidivist statute applicable to the second offense. The trial court imposed sentencing pursuant to OCGA § 17-10-7 (a) and the Court of Appeals affirmed. On certiorari, however, this Court reversed, "reject[ing] the State's assertion that the general recidivist statute, OCGA § 17-10-7, overrides the [specific recidivist] sentencing provisions." *Mikell v. State*, supra at 468. In support of that holding, we correctly noted that "[t]he initial rule of statutory construction is to look to the legislative intent and to construe statutes to effectuate that intent. [Cit.]" *Mikell v. State*, supra. However, in applying that rule of statutory construction, we failed to consider the legislative intent evidenced by subsection (e) of OCGA § 17-10-7.

> " '(A) statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes "in pari materia," are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto.' (Cit.)" [Cit.] . . . "[I]t is a basic rule of construction

that a statute or constitutional provision should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning." [Cit.]

*City of Buchanan v. Pope*, 222 Ga. App. 716, 717 (1) (476 SE2d 53) (1996).

As previously discussed, subsection (e) of OCGA § 17-10-7 provides that the general recidivist sentencing statute for habitual felons is "supplemental" to other recidivist sentencing statutes such as OCGA § 16-7-1 (b). When the General Assembly enacted OCGA § 16-7-1 (b), it did not provide that OCGA § 17-10-7 would not be applicable to subsequent convictions for burglary. Compare *Mann v. State*, supra. Therefore, when OCGA § 16-7-1 (b) and OCGA § 17-10-7 (a) are harmonized, the former specific recidivist statute applies when the defendant is a habitual burglar having only prior convictions for burglary, whereas the latter general recidivist statute applies when the defendant is a habitual felon with prior convictions for other crimes. See *Buckner v. State*, supra; *Norwood v. State*, supra. Any other holding fails to give effect to the General Assembly's intent that subsection (e) of OCGA § 17-10-7 be given substantive consideration. *Butler v. State*, supra. Construing the two provisions together, the General Assembly intended that a habitual burglar be given the benefit of the trial court's sentencing discretion, but it further intended, that a habitual burglar who is also a habitual felon be subject to the imposition of the longest sentence prescribed for the subsequent offense for which he or she was convicted. Because *Mikell* failed to consider subsection (e) of OCGA § 17-10-7 and its effect on other recidivist sentencing provisions, it reached the erroneous result and is, therefore, overruled. Accordingly, the decision of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007 —
RECONSIDERATION DENIED OCTOBER 29, 2007.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.