## A08A1286. WESTER v. THE STATE.
### (668 SE2d 862)

ADAMS, Judge.
Paul Steven Wester filed this out-of-time appeal following his conviction on one count of theft by shoplifting.[1]

---

[1] Although the crime in this case involved the theft of items valued at only around $50, because Wester had three prior shoplifting convictions he was indicted on felony shoplifting

Viewed in the light most favorable to the verdict, the evidence showed that on December 10, 2002, Wester and his son went into a nutrition store where Melanie Allen, the store's owner, was working. The Westers were looking for pills they hoped would "clean" marijuana out of the son's "system," so he could pass a drug test administered by his probation officer. Upon entering the shop, the Westers went to different parts of the store. Wester's son went toward the back of the store, and Allen asked the elder Wester if she could help him, but he said he knew what he was looking for. Allen noticed that Wester's son had disappeared from her view, squatting behind a shelf, and she began moving toward the back of the store. Wester stopped in front of her and began "dancing" around and asking her about cleansing products. During this period, he looked back at his son as if to see what he was doing. Allen could hear someone rattling nutrition supplements in the back of the store where she had last seen Wester's son. Allen made her way around Wester to where his son was. She observed that the bottles on the shelf were disturbed and she could see the top of a bottle in the boy's jacket. Allen confronted Wester's son, telling him that she knew he had stolen something. At that point, Wester told his son to run. The son began running and Wester followed, running behind him, toward the parking lot.

Another customer, Sean Ellison, who was on medical leave from the Cherokee County sheriff's office, was in the store at that time and observed Allen speaking to Wester and his son. He also observed a bottle of pills in the son's pants pocket. Ellison chased Wester and his son into the parking lot, but stopped when he saw what may have been a handgun in Wester's pocket. He observed them drive off, but could not get a tag number because the car displayed only a used car tag, although he was able to get a date and the name of a used car lot.

Wester's son admitted at trial that he had taken two bottles from Allen's store, but said that his father had no knowledge of his actions until they got home. The son said that Wester must have guessed what he had done and walked out of the store because he did not want "to have anything to do with it." He denied that his father had told him to run; he said he ran on his own. On cross-examination, Wester's son stated that his father had seen what he was doing and walked out of the store, saying, "I don't want no part in that." He also said that his father told him to put the pills back. He said that when his father saw him running, he "jogged" to the car and drove his son home. The son said that his father knew about the stolen pills when he drove away.

under OCGA § 16-8-14. See generally *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389) (1988).

The trial court denied Wester's motion for directed verdict at the close of evidence, and Wester was later sentenced as a recidivist to ten years without parole under OCGA § 17-10-7 (c). Wester now appeals following the denial of his motion for new trial.

1. Wester asserts that the trial court erred in denying his motions for directed verdict and for new trial because, he contends, the evidence did not support the verdict as it was circumstantial and did not exclude every other reasonable hypothesis except his guilt. He also argues that the evidence, at most, showed that he was an accessory after the fact and not a participant in the crime, and thus it did not support the charge of shoplifting.

We find, however, that sufficient evidence existed to enable the jury to find Wester guilty of shoplifting beyond a reasonable doubt.

> Presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. If the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor.

(Punctuation and footnote omitted.) *Stewart v. State*, 243 Ga. App. 860, 861-862 (1) (534 SE2d 544) (2000). Here, Wester entered the store with his son, and the jury could have concluded that his actions in stopping directly in front of Allen and asking her questions was an attempt to distract her while his son hid the products on his person. When Allen accosted Wester's son, Wester told him to run. Wester also ran from the store to his car and drove them both away. Even his son conceded that when they drove away, Wester knew he had stolen merchandise from the store. Under these circumstances, the jury could have concluded that Wester "knowingly agreed to act, and did act, as a getaway driver to facilitate [his son's] commission of theft by shoplifting." Id. at 862.

And although Wester's son's testimony contradicted that of Allen and Ellison,

> [t]he jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation and punctuation omitted.) *Patterson v. State*, 272 Ga. App. 675, 676 (1) (613 SE2d 200) (2005).

2. Wester also contends he was wrongfully sentenced as a recidivist under the state's general recidivist statute, OCGA

§ 17-10-7 (c), rather than the specific recidivist statute applicable to shoplifting offenses, OCGA § 16-8-14 (b) (1) (C). The State concedes that the trial court erred in sentencing Wester under OCGA § 17-10-7 (c), citing *Patrick v. State*, 284 Ga. App. 472 (644 SE2d 309) (2007), and *Goldberg v. State*, 282 Ga. 542 (651 SE2d 667) (2007).

In *Goldberg*, the Supreme Court of Georgia held that a trial court did not err in sentencing a burglary defendant under the general recidivist statute, rather than the specific statute governing multiple burglary convictions, because that defendant also had prior nonburglary felony convictions. OCGA § 16-7-1 (b). The court construed the two recidivist provisions together to conclude that

> the General Assembly intended that a habitual burglar be given the benefit of the trial court's sentencing discretion, but it further intended[ ] that a habitual burglar who is also a habitual felon be subject to the imposition of the longest sentence prescribed for the subsequent offense for which he or she was convicted.

*Goldberg*, 282 Ga. at 547. Thus, the court found that the specific provisions of OCGA § 16-7-1 (b) applied where the defendant had only multiple burglary convictions, but the general recidivist statute applied where a defendant convicted of multiple burglaries also had prior felony convictions for other crimes. Id. The court found no error, therefore, in the trial court's application of OCGA § 17-10-7, where the defendant's conviction was his third burglary and his fifth felony. Id. Compare *Butler v. State*, 281 Ga. 310, 312 (637 SE2d 688) (2006) (upholding application of general recidivist statute to supplement the pre-1996 amendment version of OCGA § 16-13-30 (d), addressing recidivist sentencing for multiple drug sales, to defendant with multiple convictions for the sale of cocaine and no other crimes). And in *Patrick*, this Court found no error in the trial court's reliance upon OCGA § 17-10-7 (c), rather than OCGA § 16-8-14 (b) (1) (C), to sentence a defendant who pled guilty to shoplifting, where the defendant had three prior nonshoplifting felony convictions and multiple convictions for shoplifting. *Patrick*, 284 Ga. App. at 473.

Here, the record shows that Wester had three prior felony shoplifting convictions and one prior misdemeanor shoplifting conviction at the time of trial. There is no evidence of felony convictions for other crimes. Accordingly, under the authority of *Goldberg*, we must agree with the parties that the trial court erred in imposing sentence without parole under OCGA § 17-10-7, and we remand to the trial court for resentencing in accordance with this opinion.[2]

---

[2] The State's Motion to Expedite Appeal is hereby granted.

*Judgment affirmed and case remanded for resentencing. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 27, 2008.

*Daniel L. Henderson*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.