**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**April 3, 2014**

# In the Court of Appeals of Georgia

A14A0128. ROBBINS v. THE STATE.

ELLINGTON, Presiding Judge.

Bruce Robbins appeals from an order of the Superior Court of Clayton County which denied his pro se motion to set aside allegedly void sentences. In denying the motion, the court held that Robbins had failed to demonstrate that his enhanced sentences, which were entered pursuant to OCGA § 17-10-7 (c), were void. Robbins contends that the court erred in denying his motion, arguing that recidivist punishment was not authorized because one of the three convictions upon which the court relied to enhance his sentences had been discharged under the First Offender Act. For the following reasons, we affirm.

The record shows that, on December 13, 2006, a jury convicted Robbins of armed robbery (Count I), aggravated assault with intent to murder (Count II),

aggravated battery (Count III), and possession of a firearm during the commission of a crime (Count V), convictions arising from an incident in which Robbins shot the victim in the head, destroying the victim's right eye, and then took $60 from the victim at gunpoint. During the sentencing hearing, the State presented certified copies of three prior felony convictions in aggravation, all of which were admitted without objection. Specifically, the State proved that Robbins had three prior felony convictions from Fulton County, one for burglary and two for possession of cocaine.

On January 5, 2007, the court imposed the following sentences: Count I, life imprisonment without parole; Count II, 20 years imprisonment, concurrent with Count I; Count III, 20 years imprisonment, concurrent with Counts I and II; and, Count V, 5 years imprisonment, consecutive to Count I. Robbins appealed his convictions to this Court, and we affirmed them. *Robbins v. State*, 293 Ga. App. 584 (667 SE2d 584) (2008).

On April 26, 2013, Robbins filed a pro se motion to vacate his sentences, contending that the trial court erred in sentencing him as a recidivist because his prior burglary conviction had been discharged under the First Offender Act, OCGA § 42-8-60. The lower court denied the motion on the merits, concluding that the record did not support Robbins' contention that it had sentenced Robbins as a first offender

2

as alleged. On appeal, Robbins makes the same argument. He contends that, after discounting the burglary conviction, his recidivist sentences are not supported by three prior convictions as required by law and are, therefore, illegal and void. Although the State agrees with the court's finding as to the merits, the State contends that Robbins' claim is not cognizable as a void-sentence claim and that the court below should have dismissed the motion for want of jurisdiction instead of denying it.

Robbins filed the motion to vacate his sentence six years after the court imposed the sentence. When a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited. OCGA § 17-10-1 (f). But a sentencing court retains jurisdiction to correct a void sentence at any time. *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010); see also *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009); *Williams v. State*, 271 Ga. 686, 688-689 (1) (523 SE2d 857) (1999). Consequently, the sentencing court had jurisdiction over Robbins' motion only to the extent that the motion presented a cognizable claim that the sentence was void.

"A sentence is void if the court imposes punishment that the law does not allow." (Citation omitted.) *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991)

> A first offender's guilty plea does not constitute a "conviction" as that term is defined in the Criminal Code of Georgia because under the first offender statute, until an adjudication of guilt is entered, there is no conviction. Without three prior felony convictions, imposing a recidivist sentence on [Robbins] pursuant to OCGA § 17-10-7 (c) is imposing a sentence that the law will not allow, and a challenge to such void sentence cannot be waived by the failure to object.

(Citations, punctuation, and footnotes omitted.) *Swan v. State*, 276 Ga. App. 827, 830 (2) (625 SE2d 97) (2005). See also *von Thomas v. State*, 293 Ga. 569, 573-574 (2) (748 SE2d 446) (2013) (distinguishing as cognizable those claims concerning recidivist punishment where a predicate offense does not constitute a conviction within the meaning of OCGA § 17-10-7 (c) from those which are otherwise not cognizable).

Robbins' mandatory maximum sentences are authorized under OCGA § 17-10-7 (c) if the State carried its burden of satisfying the statutory prerequisites. Robbins does not contest the validity of his two convictions for possessing cocaine. The certified copy of Robbins' burglary conviction shows that Robbins was sentenced to

4

a term of probation to be served at a halfway house; it does not indicate that the sentence was entered pursuant to the First Offender Act. On Robbins' probation sheet concerning the burglary conviction, the court checked the box pertaining to standard as opposed to first offender punishment. Robbins submitted an uncertified computer printout titled "Court Case Summary" that indicates that he received first offender treatment on a burglary conviction, but the case number assigned to that conviction does not match the case number on the conviction that was presented to the sentencing court. Given the record before us, the sentencing court correctly concluded that the evidence showed that the State complied with the law and that the record did not support Robbins' claim that he pleaded guilty to burglary under the First Offender Act.

Finally, Robbins' sentences are within the maximums authorized by law. OCGA § 16-8-41 (b) authorizes life imprisonment for armed robbery. Because Robbins had three prior felony convictions, the lower court properly sentenced him to life without parole for armed robbery pursuant to OCGA § 17-10-7 (c).[1] Robbins'

---

[1] When Robbins was sentenced, OCGA § 17-10-7 (c) provided, in relevant part, that

[e]xcept as otherwise provided . . . , any person who, after having been

remaining sentences are also within the maximums authorized by law. See OCGA §

16-5-21 (b) (aggravated assault); OCGA § 16-5-24 (b) (aggravated battery); and

OCGA § 16-11-131 (b) (possession of a firearm during the commission of a crime).

Consequently, the trial court did not err in denying Robbins' motion to vacate his

sentences.

*Judgment affirmed. Phipps, C. J., and McMillian, J., concur.*

---

convicted under the laws of this state for three felonies . . . commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.