**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 19, 2014**

# In the Court of Appeals of Georgia

A14A1285. KIPPLE v. THE STATE.

MILLER, Judge.

John Kipple appeals pro se from the trial court's denial of his motion to correct an illegal sentence which he filed more than one year after the entry of his guilty plea to one count of possession of methamphetamine (OCGA § 16-13-30 (a) (2007)).[1] On appeal, Kipple argues that his sentence is contrary to law, and the trial court erred in sentencing him under OCGA § 17-10-7. Because Kipple was an habitual felon under OCGA § 17-10-7, as established by the evidence, we discern no error and affirm.

---

[1] Prior to filing the instant motion, Kipple filed three pro se motions to modify his sentence, all of which the trial court properly denied. The trial court also denied Kipple's motion for out-of-time appeal from the denial of his third motion for sentence modification. Although Kipple appealed that order, he failed to file an enumeration of errors and brief. Consequently, Kipple's appeal was dismissed.

The record shows that in 2007, while he was on probation for a prior conviction for possession of methamphetamine, Kipple was riding as a passenger in a vehicle during a traffic stop. A pat-down search of Kipple's person revealed some scales with methamphetamine residue. Police also found methamphetamine in the center console of the vehicle.

Kipple was charged by accusation with possession of methamphetamine, and the State filed notice that it intended to introduce matters in aggravation of sentencing. At the guilty plea hearing, the State presented evidence of Kipple's multiple prior felony convictions, including a 1990 conviction for being an habitual violator pursuant to OCGA § 40-5-58, a 1990 conviction for selling marijuana, a 1992 conviction for possession of marijuana with intent to distribute, a 2002 conviction for aggravated assault, and a 2002 conviction for possession of methamphetamine.

Following entry of Kipple's guilty plea, the trial court sentenced him to thirty years with seven years to serve pursuant to OCGA § 17-10-7 (a) and (c). The trial court's order provided that Kipple could serve the remaining twenty-three years of his sentence on probation with special conditions, including completion of a minimum of six months of outpatient rehabilitation.

Kipple contends that OCGA § 16-13-30 (e) is the only sentencing provision applicable in this case, and the trial court erred in applying OCGA § 17-10-7. We disagree.

"Motions to vacate a void sentence generally are limited to claims that . . . the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." (Citations omitted.) *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A cognizable void sentence claim presumes that the trial court was authorized to sentence the defendant but the sentence imposed was not allowed by law. *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010). Because Kipple raises a cognizable claim that he was sentenced under the wrong recidivist provision, the trial court's denial of Kipple's motion is directly appealable. See id. Therefore, we review Kipple's claim and conclude that his sentence is not void and is in fact legally appropriate.

The recidivist provisions of OCGA § 16-13-30 (e) (2007) provide for imprisonment for not less than five years nor more than thirty years for a second or subsequent conviction for possession of a Schedule II controlled substance, other than

3

a narcotic drug. Methamphetamine is a Schedule II controlled substance. See OCGA § 16-13-26 (3) (B).

The recidivist provisions of OCGA § 17-10-7 provide for punishment and eligibility for parole of persons convicted of four or more felony offenses.

> [T]he General Assembly has expressly indicated its intent that OCGA § 17-10-7 and other recidivist sentencing provisions, such as [OCGA § 16-13-30 (e)], be construed harmoniously. Accordingly, they are not conflicting provisions, and each must be interpreted so as to avoid any ambiguity between them.

*Goldberg v. State*, 282 Ga. 542, 544 (651 SE2d 667) (2007). Moreover, OCGA § 17-10-7 expressly provides that it is supplemental to other provisions relating to recidivous offenders, including OCGA § 16-13-30. See OCGA § 17-10-7 (e). Accordingly, the provisions of OCGA § 17-10-7 must be given effect where that statute is applicable according to its terms. See *Goldberg*, supra, 282 Ga. at 544-545.

Upon his conviction in this case, Kipple was, for sentencing purposes, more than a mere two-time methamphetamine possession offender under the specific recidivist provisions of OCGA § 16-13-30 (e). Given his five prior felony convictions, Kipple was an habitual felon subject to the supplemental provisions of

4

OCGA § 17-10-7. Therefore, the trial court was authorized to sentence Kipple as an habitual felon under OCGA § 17-10-7.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*