**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 8, 2017**

# In the Court of Appeals of Georgia

A17A1663. PARHAM v. THE STATE.

BARNES, Presiding Judge.

A jury found Charles Frank Parham guilty of two counts of theft by deception, and the trial court sentenced him as a recidivist under OCGA § 17-10-7 (a) and (c) based on his prior felony convictions. The trial court thereafter denied Parham's motion for a new trial, as amended. On appeal, Parham argues that the trial court erred in sentencing him under the general recidivist statute, OCGA § 17-10-7 (a) and (c), because only the more specific recidivist provision for theft-by-deception convictions, OCGA § 16-8-12 (a) (1) (D), applied in this case. Parham also argues that his trial counsel rendered ineffective assistance by failing to object to the trial court sentencing him under the general recidivist statute. For the reasons discussed more fully below, we conclude that the trial court was authorized to sentence Parham under the general recidivist statute and therefore affirm.

The record reflects that Parham was indicted on two counts of theft by deception in violation of OCGA § 16-8-3 (a). The indictment alleged that Parham had two prior misdemeanor convictions for theft by deception, such that Parham was eligible for felony punishment under the specific recidivist provision applicable to certain theft offenses, OCGA § 16-8-12 (a) (1) (D). Before trial, the State also served Parham with notice of its intent to seek to punish him as a habitual felon under the general recidivist statute, OCGA § 17-10-7 (a) and (c), based on his prior convictions for several felony offenses.

Parham proceeded to trial and was found guilty on both counts of theft by deception. At the sentencing hearing, the State introduced evidence of Parham's 27 prior convictions for various offenses, including the two prior misdemeanor convictions for theft by deception referenced in the indictment, five prior felony convictions for theft by shoplifting, and a prior felony conviction for financial transaction card fraud. The trial court elected to treat Parham's current theft-by-deception convictions as felonies under OCGA § 16-8-12 (a) (1) (D) in light of his two prior misdemeanor convictions for that offense. Additionally, pursuant to OCGA § 17-10-7 (a) and (c), the trial court found that Parham was a habitual felon in light of his other multiple prior felony convictions, and the court sentenced him to a term

2

of five years in prison on Count 1 and to a term of five years, to serve three years in prison, on Count 2, with the sentences to run consecutively, for a total term of 10 years, with the first eight years in prison. Because he was sentenced as a habitual felon under the general recidivist provisions of OCGA § 17-10-7 (a) and (c), Parham is ineligible for parole and thus will be required to serve the full eight years in prison. See *Wynn v. State*, 332 Ga. App. 429, 437 (5) (773 SE2d 393) (2015).

Parham filed a motion for new trial, as amended, in which he argued that the trial court erred in sentencing him pursuant to the general recidivist statute and contended that his trial counsel rendered ineffective assistance by failing to raise such an objection during the sentencing hearing. The trial court denied Parham's amended motion, resulting in this appeal.

1. Parham maintains that the trial court erred in sentencing him under the general recidivist statute, OCGA § 17-10-7 (a) and (c), because OCGA § 16-8-12 (a) (1) (D) is the more specific recidivist provision applicable to his theft-by-deception convictions. According to Parham, the general and specific recidivist provisions are mutually exclusive and inconsistent with one another, and the trial court thus should have sentenced him as a recidivist only under the more specific provision of OCGA § 16-8-12 (a) (1) (D), which gave the court discretion to impose a sentence of

3

between one and five years on each count if the trial court elected to sentence him as for a felony.[1] Consequently, Parham argues, his sentence was void and should be vacated. We are unpersuaded.

In ascertaining the meaning of statutory provisions, the fundamental rules of statutory construction require us to construe statutes according to their terms, afford words their plain and ordinary meaning, and avoid constructions that make some language meaningless or mere surplusage. See *State v. Mussman*, 289 Ga. 586, 588 (1) (713 SE2d 822) (2011). Language in one provision of a statute must be construed

---

[1] Parham did not object at the sentencing hearing to the imposition of a recidivist sentence under OCGA § 17-10-7 (a) and (c). However, "[a] sentence is void if the court imposes punishment that the law does not allow," and "a challenge to [a] void sentence cannot be waived by the failure to object." (Citations and punctuation omitted.) *Robbins v. State*, 326 Ga. App. 812, 813 (757 SE2d 452) (2014). Because a sentence imposed under the wrong recidivist provision is void and Parham has raised a cognizable claim to that effect, we will review Parham's claim despite his failure to object, even though we ultimately conclude, as discussed infra, that his sentence was not in fact void. See *Kipple v. State*, 329 Ga. App. 94, 95 (763 SE2d 752) (2014) (concluding that defendant's claim that he was sentenced under wrong recidivist statute raised cognizable void sentence claim, but ultimately determining that defendant was sentenced under proper recidivist statute); *Robbins*, 326 Ga. App. at 813-814 (concluding that defendant's claim that he could not be sentenced under general recidivist statute raised cognizable void sentence claim, but ultimately agreeing with trial court that sentence was not in fact void). See generally *von Thomas v. State*, 293 Ga. 569, 572-575 (2) (748 SE2d 446) (2013) (discussing different types of challenges to prior convictions used for recidivist sentencing that can and cannot be waived by failing to object in trial court).

in light of the other provisions of the same statute, *Fair v. State*, 288 Ga. 244, 252 (2) (702 SE2d 420) (2010), and "all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." (Citation and punctuation omitted.) *Goldberg v. State*, 282 Ga. 542, 546 (651 SE2d 667) (2007).

Mindful of these rules of construction, we turn to the pertinent statutory framework and the arguments raised in the present appeal. OCGA §§ 16-8-2 through 16-8-9 set forth a series of theft-related criminal offenses, including theft by deception, OCGA § 16-8-3 (a). OCGA § 16-8-12 then delineates the ranges of punishment for different types of theft committed under OCGA §§ 16-8-2 through 16-8-9. OCGA § 16-8-12 (a) provides that, as a general rule, a defendant convicted of a theft offense under OCGA §§ 16-8-2 through 16-8-9 should be punished as for a misdemeanor. However, OCGA § 16-8-12 (a) (1) (D), the specific recidivist provision at issue here, states:

> If the defendant has two prior convictions for a violation of Code Sections 16-8-2 through 16-8-9, upon a third conviction or subsequent conviction, such defendant shall be guilty of a felony and shall be

5

punished by imprisonment for not less than one nor more than five years and, in the discretion of the trial judge, as for a misdemeanor[.]

Georgia's general recidivist statute is codified at OCGA § 17-10-7. Pursuant to OCGA § 17-10-7 (a),[2] a defendant convicted of a second felony offense "shall be sentenced to the longest period of time prescribed for punishment of the second offense, although the sentencing court may probate or suspend the maximum sentence." *Wynn*, 332 Ga. App. at 437 (5). Pursuant to OCGA § 17-10-7 (c),[3] a

---

[2] OCGA § 17-10-7 (a) provides:
Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

[3] OCGA § 17-10-7 (c) provides:
Except as otherwise provided in subsection (b) or (b.1) of this Code section and subsection (b) of Code Section 42-9-45, any person who, after having been convicted under the laws of this state for three felonies

6

defendant convicted of a fourth felony offense "must serve the maximum time sentenced 'and shall not be eligible for parole until the maximum sentence has been served.'" Id., quoting OCGA § 17-10-7 (c). Significantly, OCGA § 17-10-7 (e) of the general recidivist statute provides that the statute "is supplemental to other provisions relating to recidivous offenders."

"[A] specific statute will prevail over a general statute, *absent any indication of a contrary legislative intent*." (Citation and punctuation omitted; emphasis supplied.) *Williams v. State*, 299 Ga. 632, 634 (791 SE2d 55) (2016). Based on the plain and unambiguous language of OCGA § 17-10-7 (e), our Supreme Court has held that "the General Assembly has expressly indicated its intent that OCGA § 17-10-7 and other recidivist sentencing provisions . . . be construed harmoniously" rather than in conflict with one another whenever it is possible to do so. *Goldberg*, 282 Ga. at 544. See *Butler v. State*, 281 Ga. 310, 311-312 (637 SE2d 688) (2006). To that end,

_____

or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

our Supreme Court has held that the general recidivist provisions of OCGA § 17-10-7 should be read as supplementing a specific recidivist provision found in another statutory sentencing scheme, so long as the specific recidivist provision does not contain language "blocking" the application of OCGA § 17-10-7. *Goldberg*, 282 Ga. at 544-547. See *Butler*, 281 Ga. at 311-312.

In *Goldberg*, 282 Ga. at 544-547, our Supreme Court illustrated the manner in which to harmonize the general recidivist statute with other specific recidivist provisions. The defendant in that case was convicted and sentenced for burglary, and it was his fifth felony conviction and his third for burglary. Id. at 542. The specific recidivist statute for habitual burglars, OCGA § 16-7-1 (b), authorized a sentence of "imprisonment for not less than five nor more than 25 years" for a third burglary conviction and did not contain any language blocking the application of the general recidivist statute, OCGA § 17-10-7.[4] Harmonizing those statutes, the Supreme Court held that the "specific recidivist statute [for burglary] applies when the defendant is a habitual burglar having only prior convictions for burglary, whereas the . . . general recidivist statute applies when the defendant is a habitual felon with prior convictions

[4] OCGA § 16-7-1 (b) has been amended since the *Goldberg* decision, Ga. L. 2012, p. 899, § 3-1/HB 1176, but not in a manner that affects the analysis or the result reached in that case.

8

for other crimes." Id. at 547. Because the defendant's conviction in *Goldberg* represented not only his third burglary conviction but his fifth felony conviction, the Supreme Court held that he was more than a habitual burglary under the specific recidivist provision of OCGA § 16-7-1 (b) and thus could be sentenced under the general recidivist statute. *Goldberg*, 282 Ga. at 545. The Supreme Court noted that "[a]ny other holding [would] fail[] to give effect to the General Assembly's intent that subsection (e) of OCGA s 17-10-7 be given substantive consideration." Id.

Applying the reasoning and methodology of *Goldberg* to the present case, we conclude that the trial court committed no error in sentencing Parham as a habitual felon under the general recidivist provisions of OCGA § 17-10-7 (a) and (c). The specific recidivist provision applicable to theft by deception and certain other theft convictions, OCGA § 16-8-12 (a) (1) (D), does not contain any language blocking the application of the general recidivist statute, and thus the general recidivist statute must be read as supplementing rather than conflicting with the specific recidivist provision in accordance with the mandate of OCGA § 17-10-7 (e). See *Goldberg*, 282 Ga. at 544-547; *Butler*, 281 Ga. at 311-312. Compare *Mann v. State*, 273 Ga. 366, 368-369 (1) (541 SE2d 645) (2001) (defendant properly sentenced under OCGA § 16-13-30 (d), the specific recidivist statute for certain drug offenses, rather than under

9

the general recidivist statute, where the specific statute expressly stated that "[t]he provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense"). When OCGA § 16-8-12 (a) (1) (D) and the general recidivist statute are harmonized, the former provision applies when a defendant is a repeat offender having only prior convictions for theft offenses under OCGA §§ 16-8-2 through 16-8-9, or when the trial court acts in its discretion to treat the current theft conviction as a misdemeanor. In contrast, the general recidivist statute applies when the trial court elects to treat the defendant's current theft conviction as a felony, and the defendant has prior convictions for felony offenses other than those set forth in OCGA §§ 16-8-2 through 16-8-9.

In the present case, the trial court elected to treat Parham's current theft-by-deception convictions as felonies. See OCGA § 16-8-12 (a) (1) (D). Furthermore, Parham had multiple prior convictions for felony offenses other than those found in OCGA §§ 16-8-2 through 16-8-9, including five prior felony convictions for theft by shoplifting (OCGA § 16-8-14) and a prior felony conviction for financial transaction card fraud (OCGA § 16-9-33). It follows that Parham was more than a repeat offender of theft offenses under OCGA § 16-8-12 (a) (1) (D), and thus the trial court was authorized to sentence him as a habitual felon under OCGA § 17-10-7 (a) and (c). See

10

*Goldberg*, 282 Ga. at 544-547; *Butler*, 281 Ga. at 311-312; *Kipple*, 329 Ga. App. at 95-96; *Kennedy v. State*, 302 Ga. App. 289, 290 (690 SE2d 255) (2010); *Patrick v. State*, 284 Ga. App. 472, 473-474 (644 SE2d 309) (2007). Compare *Wester v. State*, 294 Ga. App. 263, 266 (2) (668 SE2d 862) (2008) (trial court erred in sentencing defendant as a habitual felon under OCGA § 17-10-7 rather than under the specific recidivist provision for shoplifting offenses, where all of the defendant's prior felony convictions were for shoplifting).

Parham, however, points out that OCGA § 16-8-12 contains more than one recidivist sentencing provision for theft offenses, and he emphasizes that OCGA § 16-8-12 (a) (5), which addresses recidivist punishment for telemarketing-related thefts, expressly states that the general recidivist statute should be applied to that paragraph:

> (A) The provisions of paragraph (1) of this subsection notwithstanding, if the theft or unlawful activity was committed in violation of subsection (b) of Code Section 10-1-393.5 or in violation of subsection (b) of Code Section 10-1-393.6 or while engaged in telemarketing conduct in violation of Chapter 5B of Title 10, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor; provided, however, that any person who is convicted of a second or subsequent offense under this paragraph shall be punished by imprisonment for not less than one year nor more than 20 years.

11

(B) Subsequent offenses committed under this paragraph, including those which may have been committed after prior felony convictions unrelated to this paragraph, *shall be punished as provided in Code Section 17-10-7*[.]

(Emphasis supplied.) Parham contends that because the General Assembly expressly stated in OCGA § 16-18-12 (a) (5) (B) that the general recidivist statute should apply to convictions under OCGA § 16-8-12 (a) (5) (A), but did not include similar language for convictions under OCGA § 16-8-12 (a) (1) (D), the general recidivist statute should not be applied to convictions under the latter provision. We disagree.

As previously noted, OCGA § 17-10-7 (e) provides that the general recidivist statute is supplemental to other specific recidivist statutes, and our Supreme Court has construed subsection (e) to mean that the general recidivist statute should be applied in sentencing a habitual felon unless the specific recidivist provision contains language blocking its application. See *Goldberg*, 282 Ga. at 544-547; *Butler*, 281 Ga. at 311-312. Our Supreme Court has further construed OCGA § 17-10-7 (e) to mean that the general recidivist statute does not apply if a defendant's only prior convictions were for the same offense covered by the specific recidivist statute. See *Goldberg*, 282 Ga. at 544-547. See also *Wester*, 294 Ga. App. at 266 (2). The issue, therefore, is how to construe the statutory language found in OCGA § 16-8-12 (a) (5)

(B) referencing the general recidivist statute in a manner that harmonizes with OCGA § 17-10-7 (e). See *Goldberg*, 282 Ga. at 546-547 (statutes covering the same subject matter should be construed together and harmonized whenever possible).

Mindful of the aforementioned interpretive principles, we conclude that pursuant to OCGA § 16-8-12 (a) (5) (B), the general recidivist statute applies to subsequent convictions for telemarketing-related thefts under OCGA § 16-8-12 (a) (5) (A), even if *all* of the recidivist defendant's prior convictions were also for telemarketing-related thefts. Otherwise, the language referencing the general recidivist statute in OCGA § 16-8-12 (a) (5) (B) would be merely redundant of OCGA § 17-10-7 (e) as interpreted in *Goldberg* and its progeny, a result that should be avoided. See *Wetzel v. State*, 298 Ga. 20, 28 (3) (a) (779 SE2d 263) (2015) (courts must avoid "interpreting statutes in a manner that renders any portion of them surplusage or meaningless.") (citation and punctuation omitted). Accordingly, OCGA § 16-8-12 (a) (5) (B) *expands* the application of the general recidivist statute to telemarketing-related offenses beyond what would otherwise be contemplated by OCGA § 17-10-7 (e); it does not block the application of the general recidivist statute or have any bearing on whether that statute applies to other provisions of OCGA §

16-8-12 addressing recidivist punishment.[5] Parham's argument predicated on OCGA § 16-8-12 (a) (5) (B) thus is misplaced.[6]

Lastly, Parham contends that even if the general recidivist statute can be applied to felony theft-by-deception convictions under OCGA § 16-8-12 (a) (1) (D), he did not have the requisite number of prior felony convictions to be sentenced as a habitual felon under OCGA § 17-10-7 (c). Specifically, relying on *Wester*, 294 Ga. App. at 266 (2), Parham argues that his multiple prior felony convictions for theft by

---

[5] Compare OCGA § 16-13-30 (d) ("Except as otherwise provided, any person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule I or Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. Upon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense."); OCGA § 17-10-7 (b.1) ("Subsections (a) and (c) of this Code section shall not apply to a second or any subsequent conviction for any violation of subsection (a), paragraph (1) of subsection (i), or subsection (j) of Code Section 16-13-30.")

[6] Parham also argues that the statutory framework is ambiguous as to whether the general recidivist statute applies in this case and that, under the rule of lenity, the ambiguity should be construed in his favor. But, the rule of lenity applies only in circumstances where a statutory ambiguity exists and it cannot be resolved through the other traditional rules of statutory construction. See *McNair v. State*, 293 Ga. 282, 284 (745 SE2d 646) (2013). And, for all of the reasons previously discussed, Parham has failed to show that the statutory framework was ambiguous or that any alleged ambiguity could not be resolved through traditional statutory construction rules.

14

shoplifting could not be used for sentencing under the general recidivist statute. His argument is without merit. *Wester* addressed whether a defendant presently convicted and sentenced for theft by shoplifting, whose prior convictions were all for theft by shoplifting, should be sentenced under the general recidivist statute or solely under OCGA § 16-8-14 (b) (1) (C), the specific recidivist statute for theft by shoplifting. See *Wester*, 294 Ga. App. at 266 (2). Here, of course, Parham was presently convicted and sentenced for theft by deception, not theft by shoplifting. Thus, the specific recidivist statute for theft by shoplifting was irrelevant to Parham's sentencing, and *Wester* is simply inapposite.

For these combined reasons, the trial court was authorized to sentence Parham under the general recidivist statute (OCGA § 17-10-7 (a) and (c)), rather than solely under the more specific recidivist provision applicable to theft-by-deception convictions (OCGA § 16-8-12 (a) (1) (D)). Parham therefore has failed to demonstrate that his sentence should be vacated as void.

2. Parham also contends that his trial counsel rendered ineffective assistance by failing to object to the trial court sentencing him under the general recidivist statute. However, as explained supra in Division 1, Parham was properly sentenced under that statute, and the "[f]ailure to make a meritless objection cannot be evidence

15

of ineffective assistance." (Citation and punctuation omitted.) *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001). Consequently, Parham cannot succeed on his ineffective assistance claim. See id.

*Judgment affirmed. McMillian and Mercier, JJ., concur.*