**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 9, 2020**

# In the Court of Appeals of Georgia

A20A0879. THE STATE v. STANFORD.

PIPKIN, JUDGE

In July 2019, Antwon Rashaad Stanford entered a non-negotiated guilty plea to one count of first-degree burglary. The trial court sentenced him as a recidivist to 25 years' imprisonment, with 5 years to serve and the balance suspended. The State now appeals, arguing that the trial court lacked authority to suspend any portion of Stanford's sentence. For the reasons set forth below, we affirm.

The underlying facts of the crime are undisputed. The police arrested Stanford after he was discovered hiding in a house that he had entered unlawfully. The State sought recidivist sentencing under OCGA § 17-10-7 (a) and (c) given Stanford's eight prior felony convictions, which included five prior burglary convictions and three non-burglary convictions. After the trial court imposed sentence, the State

moved for reconsideration, arguing that the trial court properly sentenced Stanford to a term of 25 years but erred by suspending a portion of it. According to the State, Stanford must serve all 25 years of his sentence in prison without the possibility of parole. The trial court did not alter Stanford's sentence ; the State now appeals, continuing to argue that Stanford's sentence is improper.

We review whether a defendant has been properly sentenced as a recidivist de novo. *Pruitt v. State*, 354 Ga. App. 73, 74 (1) (840 SE2d 597) (2020). OCGA § 17-10-7, which is the general recidivist statute, provides in pertinent part as follows:

> (a) Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense[,] . . . commits a felony punishable by confinement in a penal institution *shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.*
>
> . . .
>
> (c) . . . [A]ny person who, after having been convicted . . . for three felonies [,] . . . commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve *the maximum time provided in the sentence of the judge* based upon such conviction

and *shall not be eligible for parole until the maximum sentence has been served.*

(Emphasis supplied.) The relevant portions of OCGA § 16-7-1, which is the burglary statute, are as follows:

> (b) . . . Upon the third and all subsequent convictions for burglary in the first degree, the defendant shall be guilty of a felony and *shall be punished by imprisonment for not less than five nor more than 25 years.*
>
> . . .
>
> (d) Upon a fourth and all subsequent convictions for a crime of burglary in any degree, adjudication of guilt or *imposition of sentence shall not be suspended,* probated, deferred, or withheld.

(Emphasis supplied.) Here, the State urges that a harmonious reading of the relevant portions of OCGA § 17-10-7 and OCGA § 16-7-1, in particular OCGA § 16-7-1 (d), precluded the trial court from exercising any discretion to suspend Stanford's sentence. Though we find the State's argument compelling, the interplay between these statutes has already been addressed by our Supreme Court in *Goldberg v. State*, 282 Ga. 542, 547 (651 SE2d 667) (2007). The *Goldberg* Court held as follows:

[W]hen OCGA § 16-7-1 (b) [(2010)[1]] and OCGA § 17-10-7 (a) are harmonized, the former specific recidivist statute applies when the defendant is a habitual burglar having only prior convictions for burglary, whereas *the latter general recidivist statute applies when the defendant is a habitual felon with prior convictions for other crimes*.

(Emphasis supplied.) Thus, *Goldberg* plainly and broadly announced that when a defendant is being prosecuted for burglary *and* is a habitual felon, as Stanford is, then the recidivist provisions in OCGA § 17-10-7 apply rather than the specific recidivist provisions in the burglary statute. Id. See also *Kennedy v. State*, 302 Ga. App. 289, 290 (690 SE2d 255) (2010). In accordance with the holding in *Goldberg* and the plain language of OCGA § 17-10-7 (a), the trial court properly sentenced Stanford to 25 years, the maximum sentence set forth in OCGA § 16-7-1 (b) for a person who is being prosecuted for a third or subsequent burglary. See *Harvey v. State*, 344 Ga. App. 761, 772-773 (3) (811 SE2d 479) (2018). Further, the express terms of OCGA § 17-10-7 (a) allow a trial court to use its discretion to "suspend the maximum

_____

[1] Five years after *Goldberg* was decided, OCGA § 16-7-1 was significantly revised. See Ga. L. 2012, p. 899, § 3-1. What used to be subsection (a) became subsection (b); portions of the former subsection (b) were either incorporated into the new subsection (b) or were left to become subsection (d). Id.

4

sentence prescribed for the offense."[2] Again, because Stanford is a habitual felon and not merely a habitual burglar, the trial court was not constrained by the language in the recidivist provisions of the burglary statute that bars the suspension of sentences; accordingly, the trial court was authorized to suspend a portion of Stanford's 25 year sentence.[3] See *Nordahl v. State*, 344 Ga. App. 686, 695-697 (3) (811 SE2d 465) (2018) (affirming partially suspended recidivist sentence for burglary where defendant's prior felony convictions included both burglary and non-burglary

---

[2] It appears that this result is demanded by the broad holding in *Goldberg*. Though the *Goldberg* decision ostensibly considered then OCGA § 16-7-1 (b) as a whole, the decision does not appear to have specifically considered the language concerning a sentencing being "suspended, probated, deferred, or withheld" – which is now a standalone provision in subsection (d) – nor the language in OCGA § 17-10-7 (a), which suggests that the authority of a trial court under that provision to "probate or suspend the maximum sentence" is conditioned by the phrase "unless otherwise provided by law," OCGA § 17-10-7 (a). Given the extensive revisions to OCGA § 16-7-1 since *Goldberg* was decided – as well as the fact that *Goldberg* appears to have been concerned solely with the applicable maximum punishment rather than any possible terms of that sentence, see *Goldberg*, 282 Ga. at 543 – we question whether that decision remains viable. That question, however, is not for us to consider. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

[3] The State relies on *Williams v. State*, 261 Ga. App. 176, 179 (2) (582 SE2d 141) (2003), to argue that OCGA § 16-7-1 (d) precludes any suspension of Stanford's sentence; this reliance is misplaced. *Williams* predates *Goldberg*, and this Court has recognized that the *Williams* decision has been implicitly overruled by other precedent from our Supreme Court. See *Patrick v. State*, 284 Ga. App. 472, 473-474 (644 SE2d 309) (2007).

offenses). Finally, we note that since Stanford is well beyond his fourth felony conviction, he must serve all five years of his prison term without the possibility of parole. See OCGA § 17-10-7 (c); *Kennedy*, 302 Ga. App. at 290. Accordingly, we affirm Stanford's sentence.

*Judgment affirmed. Barnes, P. J. concurs. Gobeil, J., concurs fully and specially.*

A20A0879.  THE STATE v. STANFORD.

GOBEIL, Judge, concurring fully and specially.

I fully concur in the majority's thoughtfully written opinion given the constraints of *Goldberg v. State*, 282 Ga. 542 (651 SE2d 667) (2007).  Because I question the continued soundness of *Goldberg*, especially in light of subsequent legislative changes, however, I write separately.

Much like the *Goldberg* Court, I agree that OCGA §§ 17-10-7 and 16-7-1 (as amended post-*Goldberg*) are not in conflict. However, I find them harmonious for different reasons. While OCGA § 17-10-7, as the general recidivist statute, generally provides a trial judge the discretion to probate or suspend a maximum sentence, that

authority is expressly caveated by "unless otherwise provided by law[.]" OCGA § 17-10-7 (a). To that end, the more specific burglary recidivist statute, OCGA § 16-7-1 (d), clearly prohibits against suspending sentences for four or greater burglary convictions. As such, it appears to be just such an exception "otherwise provided by law."

Though the *Goldberg* Court interpreted the interplay between these statutes under a different version of OCGA § 16-7-1, the breadth of its holding still binds us. Accordingly, I fully concur in this opinion.