A05A0651. CLUE v. THE STATE.
(615 SE2d 800)

BERNES, Judge.

On January 21, 2004, O'Neil Clue pled guilty to three counts of armed robbery (Counts 1-3), one count of kidnapping (Count 4), and two counts of false imprisonment (Counts 5 and 6). The trial court sentenced Clue to twenty years imprisonment as to Counts 1-4, and ten years imprisonment as to Counts 5 and 6, with all sentences to be served concurrently. On February 25, 2004, Clue filed a motion to withdraw his guilty plea on the ground that the attorney who assisted

him in his plea provided ineffective assistance of counsel. After conducting a hearing on Clue's motion to withdraw, the trial court found that Clue received ineffective assistance of counsel with respect to Counts 1-4 because his trial counsel incorrectly advised him about his parole eligibility. The court denied his motion as to Counts 5 and 6. On appeal, Clue argues that the trial court abused its discretion by not permitting him to withdraw his plea as to Counts 5 and 6. We agree and reverse.

"Although a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice." *Wright v. State*, 275 Ga. 497, 498 (2) (570 SE2d 280) (2002).

> [T]he test will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

*State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995). In order to withdraw a guilty plea after sentencing based on manifest injustice caused by the denial of effective assistance of counsel, the defendant

> must (1) establish that her counsel's performance fell outside the range of competence for attorneys in criminal cases and (2) establish the reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.

(Punctuation and footnotes omitted.) *Rollins v. State*, 277 Ga. 488, 490-491 (2) (591 SE2d 796) (2004). "A trial court's ruling on a motion to withdraw a guilty plea after sentencing is pronounced will not be disturbed absent an abuse of discretion." (Citation and punctuation omitted.) *McIntyre v. State*, 239 Ga. App. 623 (520 SE2d 55) (1999).

The trial court ruled that Clue could withdraw his guilty plea as to Counts 1-4 after the State conceded that Clue was denied effective assistance of counsel as to those counts. Specifically, the State conceded that Clue's trial counsel misinformed Clue that he would be eligible for parole after serving 90 percent of his sentence on the armed robbery and kidnapping counts (Counts 1-4).[1] Georgia precedent establishes that a trial counsel's affirmative act of providing

---

[1] Because armed robbery and kidnapping are "serious violent felon[ies]" under OCGA

misinformation concerning a defendant's basic parole eligibility falls outside the range of professional competence for attorneys in criminal cases, thus satisfying the first prong of the ineffective assistance test. See *Smith v. Williams*, 277 Ga. 778, 779 (1) (596 SE2d 112) (2004); *Rollins*, 277 Ga. at 491 (2). Furthermore, the State conceded that, but for his trial counsel's error, Clue would not have pled guilty to Counts 1-4,[2] and so the second prong of the ineffective assistance test was also met as to the armed robbery and kidnapping counts. Consequently, the trial court properly granted Clue's motion to withdraw as to Counts 1-4, as both parties to this appeal agree.

The trial court also accepted the State's argument that Clue was not entitled to withdraw his plea regarding Counts 5 and 6, the false imprisonment counts, on the ground that Clue had not proven the ineffectiveness of his trial counsel specifically as to those two counts. However, we conclude the trial court abused its discretion by not permitting Clue to withdraw his guilty plea on Counts 5 and 6. The finding of ineffective assistance as to Counts 1-4, the counts for which Clue received the greatest sentences, "undermine[d] the voluntariness and the validity of the plea as to [the remaining] counts of the indictment." *Shabazz v. State*, 259 Ga. App. 339, 342 (3) (577 SE2d 45) (2003) (denial of effective assistance of counsel to defendant in entering guilty plea on incest count also tainted voluntariness and validity of guilty plea on separate count of statutory rape). It follows that the trial court should have permitted Clue to withdraw his guilty plea on Counts 5 and 6 in order to avoid a manifest injustice.

We reach this conclusion for several reasons. Negotiated plea bargaining is a dynamic process that involves "give-and-take negotiation[s] . . . between the prosecution and defense" on often multiple issues. *Bordenkircher v. Hayes*, 434 U. S. 357, 362 (98 SC 663, 54 LE2d 604) (1978); see also *United States v. Mezzanatto*, 513 U. S. 196, 207-208 (115 SC 797, 130 LE2d 697) (1995) (describing "market for plea bargains" and the back-and-forth negotiation process between prosecution and defense). The end result of a negotiated plea agreement "is, in essence, a contract between a defendant and the State."

---

§ 17-10-6.1, Clue was in fact required to serve his sentence on Counts 1-4 without the possibility of parole, contrary to his trial counsel's representation. See OCGA § 17-10-6.1 (c) (3).

[2] On appeal, the State attempts to distance itself from this concession and now contends that if Clue's trial counsel had correctly advised him that he faced the risk of life imprisonment without parole if he proceeded to trial and was convicted by a jury, Clue would have been *even more likely* to have pled guilty on Counts 1-4 rather than proceed to trial, given the stakes involved. While this argument may be persuasive, the trial court relied on the State's concession in finding that the prejudice prong of the analysis had been satisfied as to Counts 1-4. "A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct." *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997).

(Footnote omitted.) *Brown v. State*, 261 Ga. App. 115, 116-117 (582 SE2d 13) (2003); see also *Sparks v. State*, 232 Ga. App. 179, 182 (3) (b) (501 SE2d 562) (1998). As such, in many circumstances it is appropriate to view the final negotiated plea agreement as a "package" deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole. Compare *State v. Sellers*, 222 AD2d 941 (N.Y. App. Div. 1995) (noting that "[w]hile the remainder of the sentence on the conspiracy charge was legal, because that was part and parcel of the plea bargain, it must also be vacated" and defendant must be given an opportunity to withdraw his guilty plea); *Rojas v. State*, 450 A2d 490, 494 (Md. 1982) (concluding that if a material portion of a negotiated plea agreement has been vacated as a result of a mistake of law, "the fairest remedy is to rescind the entire plea agreement").

The present case is just such a circumstance.[3] All six counts with which Clue was charged were part of the same negotiated plea agreement. All six counts were included in the same indictment and involved the same co-defendants. Counts 2-6 involved the same underlying incident. The State conceded that Clue would have never entered a plea of guilty to the more serious offenses of armed robbery and kidnapping, the offenses for which he received the greatest sentence, absent his counsel's deficiencies.

It therefore strains credulity to conclude that at the same time Clue would have pled guilty to the less serious false imprisonment charges while proceeding to trial on the other offenses. Such a decision would have put Clue in the extremely unfavorable position of going to trial on Counts 1-4 with the State potentially informing the jury that Clue had already pled guilty to Counts 5 and 6 involving the same underlying incident.[4] Accordingly, we conclude that the trial court abused its discretion by not permitting Clue to withdraw his plea on Counts 5 and 6.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 15, 2005.

*Carnesale & DeLan, Charles C. Flinn*, for appellant.

---

[3] We note that a different result might be warranted from the one reached in the instant case if the counts that were part of the plea agreement pertained to different underlying transactions or events, or if the guilty plea at issue resulted from a *nonnegotiated* plea agreement.

[4] Again, we note that a different result might be warranted if the faulty information received from trial counsel concerned a *lesser* offense, the sentence for which ran concurrently with a more serious offense carrying a longer sentence, both of which were included in the same plea agreement.

*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.