### A10A2160. HOWARD v. THE STATE.

(706 SE2d 136)

DOYLE, Judge.

Joseph L. Howard appeals from the denial of his post-conviction motion for deoxyribonucleic acid ("DNA") testing filed pursuant to OCGA § 5-5-41 (c). Discerning no reversible error, we affirm.

In 1989, a jury found Howard guilty of burglary and rape, and the trial court sentenced him to 20 years and life imprisonment, respectively. In Howard's direct appeal, this Court affirmed the conviction in an unpublished opinion, Case No. A90A0469, on May 9, 1990. Twenty years later, Howard filed this pro se "Request for D.N.A. Testing," seeking the production of all physical evidence and testing of certain material containing DNA. Following an evidentiary hearing at which Howard appeared and argued, the trial court

denied Howard's motion, giving rise to this appeal.[1]

OCGA § 5-5-41 (c) (1) provides in part that "a person convicted of a serious violent felony . . . may file a written motion before the trial court that entered the judgment of conviction in his or her case, for the performance of forensic deoxyribonucleic acid (DNA) testing." The statute then enumerates certain prerequisites that must be met to obtain DNA testing.[2] When, as here, a hearing is warranted[3] and held, the purpose of the hearing is in part "to allow the parties to be heard on the issue of whether the petitioner's motion complies with [the statute] . . . and whether the . . . evidence to be tested is available and in a condition that would permit the DNA testing requested in the motion."[4] If the trial court determines that this showing has been made and other requirements have been met, the trial court must grant the motion for testing.[5]

Here, the case agent testified and explained that in 1989, when Howard was convicted, DNA testing was not available to the State, and any testable evidence from Howard's trial had since been destroyed. There was no evidence showing otherwise, nor was there evidence of bad faith on the part of the State. Under these circumstances, Howard failed to meet the statutory requirements,[6] and the trial court did not err in denying Howard's motion for DNA testing.

We note that Howard's appellate brief argues other alleged errors, but it is clear from the record that the only issue taken up at the hearing and ruled upon by the trial court was the availability of DNA testing. Accordingly, we are presented with nothing more to review.[7]

*Judgment affirmed. Ellington, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 9, 2011.

Joseph L. Howard, *pro se.*
*Dennis C. Sanders, District Attorney, Kevin R. Majeska, Assistant District Attorney,* for appellee.

---

[1] We have jurisdiction in this appeal pursuant to the rationale set forth in *State v. Clark,* 273 Ga. App. 411, 413-415 (1) (615 SE2d 143) (2005).

[2] See *Williams v. State,* 289 Ga. App. 856 (658 SE2d 446) (2008).

[3] A hearing is required only if the court determines that the motion complies with certain threshold requirements. See OCGA § 5-5-41 (c) (6) (A).

[4] OCGA § 5-5-41 (c) (6) (E) & (c) (7) (A).

[5] See OCGA § 5-5-41 (c) (7).

[6] See OCGA § 5-5-41 (c) (7) (A).

[7] See *Grant v. State,* 289 Ga. App. 230, 236 (5) (656 SE2d 873) (2008) (appellate courts cannot consider questions not presented to or ruled upon by the trial court).