## A12A0607. BRADBERRY v. THE STATE.
### (727 SE2d 208)

ELLINGTON, Chief Judge.

Eddie Bradberry brought this direct appeal from an order of the Superior Court of Jackson County that denied both his motion for sentence modification and his motion for forensic testing of what he characterized as a "DNA sample." In this appeal, Bradberry does not challenge the court's ruling with respect to his sentencing; rather, he contends that the court erred in denying his post-conviction motion to have a semen sample tested for the presence of condom lubricants, alleging that a positive test result would prove that the victim in this case obtained his semen from a condom that he had used with a different sexual partner and then placed it in her vagina in order to frame him for rape. For the following reasons, we lack jurisdiction and dismiss this appeal.

A Jackson County jury found Bradberry guilty of one count of rape, three counts of child molestation, and two counts of cruelty to children, and this Court affirmed those convictions. See *Bradberry v. State*, 297 Ga. App. 679 (678 SE2d 131) (2009). On January 10, 2010, following the return of the remittitur, Bradberry filed a "Motion for Reduction of Sentence and Consolidated Brief," and, on April 12, 2010, he filed a "Motion for Forensic Testing of DNA Sample." Following a hearing, the court denied both motions in a single order on November 17, 2010. On December 13, 2010, Bradberry filed a notice of appeal from the order.

"It is the duty of this Court in all instances to inquire into our jurisdiction." (Footnote omitted.) *Segura v. State*, 280 Ga. App. 685, 686 (1) (634 SE2d 858) (2006). Our review of the record in this case shows that Bradberry was not authorized to bring this appeal directly, but, for the following reasons, was required to file an application for discretionary appeal.

In the jurisdictional statement of his appellate brief, Bradberry contends that a direct appeal is authorized pursuant to OCGA § 5-5-41 (c), which applies to a trial court's decision on a felon's post-conviction motion for the performance of forensic DNA testing. He characterizes his motion for the forensic testing of his semen sample as "DNA testing," and asserts that he may bring a direct appeal pursuant to OCGA § 5-5-41 (c) since his motion was *not* accompanied by or made a part of a motion styled as an extraordinary motion for new trial, citing *Howard v. State*, 307 Ga. App. 772, 773, n. 1 (706 SE2d 136) (2001).[1] The provisions of OCGA § 5-5-41 (c), however, only apply to those motions seeking "the performance of forensic deoxyribonucleic acid (DNA) testing." OCGA § 5-5-41 (c) (1). Bradberry is not seeking a DNA test; he is seeking to have a semen sample tested for the presence of chemicals typically found in condom lubricants, a test which may be accomplished using infrared spectroscopy and other non-DNA testing procedures, as his own expert opined in the affidavit attached to the motion. Thus, the order appealed is not one denying a stand-alone motion for DNA testing under OCGA § 5-5-41 (c); therefore, it is not directly appealable under that Code section and the case law interpreting it. Thus, to maintain this direct appeal, Bradberry must have another, independent basis for the appeal.

Bradberry timely filed a motion for sentence modification within 120 days of the sentencing court's receipt of the remittitur. OCGA § 17-10-1 (f). The denial of a timely motion to modify under this statute may be subject to a direct appeal. See, e.g., *Anderson v. State*, 290 Ga. App. 890 (660 SE2d 876) (2008); *Maldonado v. State*, 260 Ga. App. 580 (580 SE2d 330) (2003). However, because Bradberry did not appeal that portion of the court's order addressing sentencing, he may not challenge those other rulings which, pursuant to OCGA

---

[1] Had Bradberry's motion for DNA testing been made as part of an extraordinary motion for new trial, the court's order denying the motion would have been subject to the discretionary appeal procedure, even though OCGA § 5-5-41 (c) (13) states that "[t]he petitioner or the state may appeal an order, decision, or judgment rendered pursuant to this Code section." *Crawford v. State*, 278 Ga. 95, 96 (1) (597 SE2d 403) (2004).

§ 5-6-34 (d),[2] could have been brought up and reviewed with the appealable judgment, though they lacked an independent basis for appeal. See *Bunn v. State*, 284 Ga. 410, 412 (3), n. 2 (667 SE2d 605) (2008).

Nor has Bradberry shown that he may rely upon the collateral order doctrine as a basis for a direct appeal. Under the collateral order doctrine, an order that is not a final judgment may be appealed without compliance with the interlocutory appeal procedure provided in OCGA § 5-6-34 (b) if the order appealed

> (1) resolves an issue that is "substantially separate" from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it.

(Citation and punctuation omitted.) *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007). The collateral order doctrine, however, addresses only the issue of finality and does not address whether the judgment is subject to the discretionary appeal procedure. OCGA § 5-6-34 (a) (1), concerning appealable final judgments, provides for the direct appeal of "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, *except as provided in Code Section 5-6-35* [the discretionary appeal statute]." (Emphasis supplied.) See generally *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 454 (699 SE2d 600) (2010); McFadden, Brewer and Sheppard, Ga. Appellate Practice, § 10:5 (2011-2012 ed.).

Bradberry has not identified in his brief an applicable jurisdictional basis for directly appealing the order denying his motion to retest his semen sample for condom lubricants. In fact, Bradberry has not shown that he had a right, under these circumstances, to file a post-conviction motion seeking only to retest the semen sample without also demonstrating that the expected test results would constitute newly discovered evidence warranting the grant of a new

---

[2] OCGA § 5-6-34 (d) provides, in relevant part:
> *Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section,* all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere. . . .

(Emphasis supplied.) Id.

trial.[3] Indeed, even if we construed Bradberry's motion as an extraordinary motion for new trial based upon a claim that the test results would constitute newly discovered evidence, the denial of the motion cannot serve as a basis for this appeal. This is because a "direct appeal does not lie from the denial of an extraordinary motion for new trial separate from the original appeal; an application for discretionary appeal is required. OCGA § 5-6-35 (a) (7)[.]" (Citation omitted.) *Gulledge v. State*, 276 Ga. 740, 741 (583 SE2d 862) (2003). See also *Crawford v. State*, 278 Ga. 95, 96 (1) (597 SE2d 403) (2004). Consequently, we must dismiss this appeal for lack of jurisdiction.

*Appeal dismissed. Phipps, P. J., and Dillard, J., concur.*

DECIDED APRIL 6, 2012 — 

*McNeill Stokes*, for appellant.

*J. Bradley Smith, District Attorney, Gregory L. Wagner, Robin R. Riggs, Assistant District Attorneys*, for appellee.

---

[3] Generally, a defendant is entitled to only one direct appeal from a judgment of conviction. *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001); *Cox v. Hillyer*, 65 Ga. 57 (1880). Exceptions to this rule are typically reserved for the "extraordinary motion or case." Id. Compare *Williams v. State*, 271 Ga. 686, 688-689 (523 SE2d 857) (1999) (because a trial court retains jurisdiction to correct an illegal sentence and impose a legal sentence outside the term of court, a convicted defendant may challenge a void sentence by a motion in the trial court and direct appeal will lie). Since Bradberry has exhausted his appeal of right, his post-conviction remedies are limited. A criminal defendant's conviction which has been affirmed on direct appeal may be reviewed again by the filing of an extraordinary motion for new trial or a petition for writ of habeas corpus. *Richards v. State*, 275 Ga. 190, 191, n. 1 (563 SE2d 856) (2002).