300 Ga. 558
FINAL COPY

S17A0723.  GUY LAWSON PHILMORE v. THE STATE.

HUNSTEIN, Justice.

In 1991, Appellant Guy Philmore was tried and convicted of felony murder and sentenced to life without parole pursuant to former OCGA § 17-10-7 (b) (1991).[1]  We affirmed his convictions and sentences on direct appeal.  See Philmore v. State, 263 Ga. 67 (428 SE2d 329) (1993).

Appellant has filed this appeal from the denial of his motion to modify his sentence, and he alleges, for the first time on appeal, that his life without parole sentence is void pursuant to this Court's decision in Funderburk v. State, 276 Ga. 554 (580 SE2d 234) (2003) (recognizing that the sentencing provision under

---

[1] The 1991 version of OCGA § 17-10-7 (b) stated in pertinent part:

Any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which, if committed within this state would be felonies, commits a felony within this state *other than a capital felony*, must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

(Emphasis supplied.)

former OCGA § 17-10-7 (c) (2000), the successor to OCGA § 17-10-7 (b) (1991), did not apply to capital offenses, such as murder).  The State filed a brief in response agreeing with Appellant.[2]

Although this issue of a void sentence was raised by Appellant for the first time on appeal, it is preserved for our review as Georgia law recognizes that "a sentence which is not allowed by law is void and its illegality may not be waived."  Funderburk, 276 Ga. at 555.  Further, we agree that, based upon the language of the 1991 version of the recidivist statute and our holding in Funkerburk, Appellant's sentence is void.  Therefore, Appellant's life without the possibility of parole sentence must be vacated.  We further reverse the trial court's denial of Appellant's motion to modify and remand to the trial court with direction to enter a legal sentence.

Judgment reversed, sentence vacated, and case remanded for resentencing.  All the Justices concur.

Decided  February 6, 2017.

---

[2] On January 17, 2017, this Court entered an order dismissing Appellant's direct appeal.  Shortly thereafter, the State filed a response brief bringing additional information concerning Appellant's sentence to light.  Accordingly, we vacate our January 17 order of dismissal.

Murder. Glynn Superior Court. Before Judge Scarlett.

Guy Lawson Philmore, pro se.

Jacquelyn L. Johnson, District Attorney, Andrew J. Ekonomou, Thomas E. Buscemi, Hadley H. Mann, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.