# Court of Appeals
# of the State of Georgia

ATLANTA,  November 27, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0331.  ELI BAROJAS-RAMIREZ v. THE STATE.**

Eli Barojas-Ramirez, defendant in the criminal case below, has filed a notice of direct appeal from the trial court's order disqualifying his counsel.  We lack jurisdiction.

An order disqualifying counsel is an interlocutory order.  See *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987); *Ewing Holding Corp. v. Egan-Stanley Investments*, 154 Ga. App. 493, 495-496 (1) (268 SE2d 733) (1980). Thus, in order to obtain appellate review, Barojas-Ramirez was required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b).  In his notice of appeal, Barojas-Ramirez suggests that the disqualification order should be treated as a collateral order subject to direct appeal.  See *Bradberry v. State*, 315 Ga. App. 434, 436 (727 SE2d 208) (2012).  We, however, decline to do so.  See *Flanagan v. United States*, 465 U.S. 259, 270 (III) (104 SCt 1051, 79 LE2d 288) (1984) ("Nothing about a [counsel] disqualification order distinguishes it from the run of pretrial [judicial] decisions that affect the rights of criminal defendants yet must await completion of trial court proceedings for review.").

Because Barojas-Ramirez has failed to follow the required appellate procedure, his appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  11/27/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ Stephen E. Castlen _____ , *Clerk.*