312 Ga. 707
FINAL COPY

S21G0226.  THE STATE v. STANFORD.

PETERSON, Justice.

The State challenges the suspension of part of Antwon Stanford's recidivist burglary sentence. The trial court and the Court of Appeals concluded that the suspension was authorized by OCGA § 17-10-7 (a), part of the general recidivist statute, as interpreted by our decision in *Goldberg v. State*, 282 Ga. 542 (651 SE2d 667) (2007). But *Goldberg* decided only the right *length* of recidivist burglary sentences, not whether they can be *suspended* for offenders like Stanford. OCGA § 16-7-1 (d), part of the burglary statute, plainly says they cannot, and that statute controls this case. Therefore, we reverse the Court of Appeals' judgment and remand the case with direction.

The parties do not dispute the description of the relevant facts given by the Court of Appeals. See *State v. Stanford*, 356 Ga. App. 594, 594 (848 SE2d 465) (2020). Stanford entered a non-negotiated

guilty plea to one count of first-degree burglary. He had eight prior felony convictions, five of them for burglary. The State sought recidivist sentencing under OCGA §§ 16-7-1 and 17-10-7 (a) and (c).[1] The trial court sentenced Stanford to 25 years in prison, but suspended the final 20 years of that sentence. The State unsuccessfully moved for reconsideration as to the suspended portion, then appealed to the Court of Appeals. See id.

There, the State argued that OCGA § 16-7-1 (d) prohibited the trial court from suspending any portion of the burglary sentence. See *Stanford*, 356 Ga. App. at 594-595. But the Court of Appeals held that our decision in *Goldberg* dictated otherwise. It concluded that *Goldberg* "plainly and broadly announced that when a defendant is being prosecuted for burglary *and* is a habitual felon, as Stanford is, then the recidivist provisions in OCGA § 17-10-7 apply rather than the specific recidivist provisions in the burglary statute." *Stanford*, 356 Ga. App. at 595-596 (citing *Goldberg*, 282 Ga.

---

[1] The Court of Appeals resolved the subsection (c) issue in the State's favor. See *Stanford*, 356 Ga. App. at 596. Stanford did not seek certiorari as to this holding.

at 547).

We granted certiorari and now reverse. We begin with a brief explanation of the two statutes at issue, then explain why our decision in *Goldberg* does not apply here. We conclude that the relevant statute deprived the trial court of its normal discretion to suspend recidivist sentences.

The dispute here concerns the relationship between parts of OCGA §§ 16-7-1 and 17-10-7. The first statute defines burglary and sets forth its punishments. It contains a recidivist sentencing provision dictating that a defendant receive a prison sentence of "not less than five nor more than 25 years" for a third or subsequent burglary conviction. OCGA § 16-7-1 (b). It also restricts the sentences available to four-time recidivist burglars like Stanford, providing that "imposition of sentence shall not be suspended, probated, deferred, or withheld." OCGA § 16-7-1 (d).

As for the second statute, it governs sentencing for recidivist felons in general. As relevant here, it requires that an offender with one or more prior felony convictions not for a "serious violent felony"

3

"be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense[.]" OCGA § 17-10-7 (a). But it qualifies this requirement by granting judges some discretion over how much of the sentence has to be served in custody: "unless otherwise provided by law, the trial judge may . . . probate or suspend the maximum sentence[.]" Id. Of course, the "unless" part of that provision is a key to understanding OCGA § 17-10-7 (a)'s relationship with the wider statutory universe. So is OCGA § 17-10-7 (e), which says the general recidivist statute is "supplemental to" — not preempting or deferring to, but coequally with — "other provisions relating to recidivous offenders."

Based on this language, and the background canon of in pari materia by which we construe related statutes to be compatible with each other, we have held that the general recidivist statute should be read harmoniously with other recidivism provisions. See *Goldberg*, 282 Ga. at 544, 546-547. Where possible, each should be given effect when "applicable according to its terms." Id. at 545 (explaining how certain provisions of OCGA § 17-10-7 are

4

"supplemental" to other recidivism provisions). In *Goldberg*, we specifically considered the relationship between OCGA § 17-10-7 (a)'s requirement that recidivist felons be given maximally long sentences and one part of OCGA § 16-7-1 that, at the time,[2] authorized sentences of between five and 20 years for three-time burglars. See *Goldberg*, 282 Ga. at 543. We held that these laws could be harmonized by giving a recidivist who had only burglary convictions "the benefit of the trial court's sentencing discretion" as to length under OCGA § 16-7-1, but requiring a recidivist with a mix of burglary and other felony convictions to be given the longest possible sentence under OCGA § 17-10-7 (a). *Goldberg*, 282 Ga. at 547. Our decision was based partly on the absence of any language in one statute preventing the other's application. See id. at 546.

*Goldberg* harmonized the two statutes insofar as the length of sentences is concerned. But it did not decide the question before us today. It did not address the bar OCGA § 16-7-1 (d) imposes on

---

[2] This was changed in 2012. See the next footnote for more discussion of the statutory history.

suspended sentences for defendants like Stanford, who have four or more burglary convictions, nor the deference OCGA § 17-10-7 (a) affords to other laws limiting the suspension of sentences. It was simply silent as to these two points. It is true that when *Goldberg* was decided, both burglary sentence length and sentence suspension were addressed in a single statutory subsection. See OCGA § 16-7-1 (b) (2006).[3] And it is true that we mentioned in passing Goldberg's own suspended sentence in our factual recitation. See *Goldberg*, 282 Ga. at 543. But — as Stanford rightly acknowledges — our precedent

---

[3] As mentioned in the preceding footnote, the burglary statute was heavily revised in 2012. See Ga. L. 2012, p. 899, § 4-4. Of particular note, the four-time-recidivist sentencing provision was separated out as subsection (d). But neither this nor the other changes materially altered the substance of the statutory text relevant to this case, and thus do not affect this case's outcome. Of course, when statutory amendments *do* materially alter text that this Court has previously interpreted, our pre-amendment precedent no longer binds lower courts to the extent the amendments change the meaning of the text. See *Pritchard v. State*, 224 Ga. 776, 780 (164 SE2d 808) (1968) ("Since the statute authorizing directed verdicts in existence at the time the *Sutton* case was decided has been repealed, . . . [*Sutton*] is no longer controlling authority."), abrogated by statute as recognized by *Bowen v. State*, 239 Ga. 517, 517 (238 SE2d 62) (1977). This principle is an exception to the general rule that lower courts must follow this Court's precedent until we overrule it, see Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI; such a statutory change essentially represents the General Assembly's abrogation of our previous decision. We leave it to future cases to determine if and how the 2012 amendments limit the reach of *Goldberg*'s specific holding.

6

makes it clear that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Wolfe v. Bd. of Regents of the Univ. System of Ga.*, 300 Ga. 223, 231 (2) (d) (794 SE2d 85) (2016) (citation and punctuation omitted). Because *Goldberg* did not consider — much less decide — whether the partial suspension of Goldberg's sentence was lawful, that part of the opinion is not a holding on that point.

Turning back to the statutory provisions at issue in this case, we conclude that they plainly forbid suspending any part of Stanford's sentence. OCGA § 17-10-7 (a)'s authorization of suspended sentences is expressly limited by any restrictions imposed by other laws. And OCGA § 16-7-1 (d) prohibits suspended sentences for defendants with four or more burglary convictions. The latter provision, then, controls — not in spite of OCGA § 17-10-7 (a), but squarely within the qualification found therein. Compare *Goldberg*, 282 Ga. at 546 (basing holding partly on "the absence of language in OCGA § 16-7-1 . . . blocking application of . . . OCGA

§ 17-10-7").[4]

OCGA § 16-7-1 (d) bars suspension of Stanford's sentence, so the sentence the trial court imposed was void. See, e.g., *Philmore v. State*, 300 Ga. 558, 558 (796 SE2d 652) (2017) ("[A] sentence which is not allowed by law is void[.]" (citation and punctuation omitted)). Neither OCGA § 17-10-7 (a) nor *Goldberg* says otherwise. We therefore reverse the Court of Appeals' conclusion to the contrary. We leave it for the trial court to exercise its discretion either to resentence Stanford entirely or merely to strike the suspension and leave the remainder of Stanford's sentence in place. See *Parrott v. State*, 312 Ga. ___, ___ (3) (___ SE2d ___) (2021).

*Judgment reversed and case remanded with direction. All the Justices concur.*

---

[4] Because there is no statutory ambiguity, the rule of lenity does not apply. See *State v. Nankervis*, 295 Ga. 406, 409 (761 SE2d 1) (2014) ("[T]he rule of lenity comes into play only to resolve ambiguities[.]" (citation and punctuation omitted)).

Decided October 19, 2021.

Certiorari to the Court of Appeals of Georgia — 356 Ga. App. 594.

*Fani T. Willis, District Attorney, Lyndsey H. Rudder, Juliana Sleeper, Assistant District Attorneys*, for appellant.

*Jessica M. Sully, Lauren B. Shubow*, for appellee.