**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 24, 2023**

# In the Court of Appeals of Georgia

A23A0706. TILMAN v. THE STATE.

FULLER, Senior Judge.

In this criminal action, pro se defendant Davoric Tilman appeals from the denial of his motion to modify his sentence, arguing, among other things, that a permanent restraining order imposed as a condition of his probation is void because it exceeds the term of his sentence. Because we agree with Tilman that the trial court was not authorized to impose an indeterminate condition of probation, we vacate the order denying Tilman's motion to modify his sentence and remand this case for the trial court to correct the sentencing error.

In 2020, Tilman entered a negotiated guilty plea to one count of committing terroristic threats and acts, in violation of OCGA § 16-11-37 (b). The trial court imposed a sentence of four months' incarceration, to be followed by four years and

eight months on probation. As part of his negotiated plea, Tilman agreed to, and the trial court imposed, a permanent restraining order barring Tilman from any contact with the victim, her residence, her family's residences, and her place of work, "FOREVER."[1] The permanent restraining order states that it was issued under OCGA § 16-5-90 (d), which authorizes such orders when a defendant is convicted of stalking (OCGA § 16-5-90) or aggravated stalking (OCGA § 16-5-91). In September 2022, Tilman filed a motion to modify his sentence, arguing that the permanent restraining order is void because it exceeds the term of his probation. The trial court summarily denied the motion, and this appeal followed.

Among other arguments, Tilman contends on appeal that the permanent restraining order imposed as a condition of his probation is void because: (i) it was not authorized under OCGA § 16-5-90 (d), given that he was not convicted of stalking or aggravated stalking; and (ii) it exceeds the length of his sentence. We agree with both contentions.

---

[1] The order excepts contact through the court or an attorney for purposes of child support issues. In March 2022, the trial court revoked two months and fifteen days of Tilman's probation after he violated conditions of his probation other than the restraining order.

2

1. Before addressing the merits of Tilman's appeal, we must determine whether we have jurisdiction to do so. See *Bradberry v. State*, 315 Ga. App. 434, 435 (727 SE2d 208) (2012) ("It is the duty of this Court in all instances to inquire into our jurisdiction.") (citation and punctuation omitted). Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, the statutory period expires, a trial court may modify only a void sentence.[2] Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.

Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Consequently, whether we have jurisdiction turns on whether Tilman has asserted a colorable void

---

[2] The record contains no indication that Tilman directly appealed his judgment of conviction, and more than one year has passed since his sentence was imposed.

sentence claim. For the reasons discussed in Division 2, a portion of Tilman's sentence is void, and we therefore have jurisdiction over this appeal. See id.

2. Under OCGA § 17-10-1 (a) (1) (A), with exceptions not applicable here, a sentencing judge "shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime." Under that Code section, conditions of probation that exceed the length of a defendant's sentence are void as impermissibly indeterminate. *Kaiser v. State*, 275 Ga. App. 684, 686 (2) (621 SE2d 802) (2005); see *Ballenger v. State*, 210 Ga. App. 627, 629 (3) (436 SE2d 793) (1993) ("The conditions of probation cannot exceed the length of the sentence."); see also generally *State v. Hart*, 263 Ga. App. 8, 10 (587 SE2d 164) (2003) (an indeterminate sentence is void).

While a permanent restraining order is authorized under OCGA § 16-5-90 (d), that provision applies only to defendants convicted of stalking or aggravated stalking and thus does not apply here because Tilman was convicted of neither crime. And we are aware of no other authority empowering a trial court to impose a permanent restraining order as a condition of probation following a conviction for committing

4

terroristic threats and acts.[3] Consequently, the portion of Tilman's sentence that extends his restraining order beyond the term of his probation is void. See *Kaiser*, 275 Ga. App. at 686 (2); *Hart*, 263 Ga. App. at 10; *Ballenger*, 210 Ga. App. at 629 (3).

And while Tilman appears to have agreed to the permanent restraining order here, "[a] defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver." *Sanders v. State*, 259 Ga. App. 422, 423 (1) (577 SE2d 94) (2003); accord *Humphrey v. State*, 297 Ga. 349, 350 (773 SE2d 760) (2015) ("[T]he consent of the parties cannot validate a void sentence."); *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013) ("Void convictions and illegal sentences have never been subject to general waiver rules."). Thus, acquiescence via a plea bargain "has no force where the record shows that the bargain at issue was for the imposition of an illegal sentence." *Nazario*, 293 Ga. at 487 (2) (c).

Where, as here, a sentence is void, "the trial court has the discretion to impose a new sentence consistent with statutory limits." *Pittman v. State*, 366 Ga. App. 372,

---

[3] We express no opinion on whether a permanent or otherwise lengthy restraining order may be available under procedures extrinsic to this criminal proceeding.

373 (1) (883 SE2d 56) (2023) (citation and punctuation omitted). And where only part of a sentence is void — as also is the case here — a trial court "has discretion to impose an amended sentence, and that discretion permits the court to either vacate the entire sentence or strike only the void provision." Id. at 375 (1); accord *State v. Stanford*, 312 Ga. 707, 711 (864 SE2d 448) (2021). Thus, "an invalid condition of probation does not necessarily render a defendant's sentence otherwise void so as to require resentencing except to correct the improper condition of probation." *Hallford v. State*, 289 Ga. App. 350, 352 (1) (657 SE2d 10) (2008); see also id. at 351 (1) ("Generally, invalid conditions of probation may simply be stricken."); accord *Wyatt v. State*, 113 Ga. App. 857, 859 (3) (b) (149 SE2d 837) (1966) ("The general rule is that if a sentence is legal in part and illegal in part, and the one may be separated from the other, that which is legal will be enforced and that which is illegal will be ignored."). Consequently, on remand, the trial court retains the discretion to correct Tilman's sentence by simply striking that part of his sentence that extends the restraining order beyond the term of his probation.

Citing *Clue v. State*, 273 Ga. App. 672 (615 SE2d 800) (2005), Tilman appears to argue that the illegal indeterminate condition of his probation renders his entire sentence void because that condition was part of a "package deal" plea agreement.

6

But his reliance on *Clue* is misplaced. In *Clue*, the trial court granted the defendant's timely motion to withdraw his negotiated guilty pleas to four of six counts of conviction on the ground that his trial counsel rendered ineffective assistance by incorrectly advising him as to his parole eligibility for those four counts. 273 Ga. App. at 672-673. On appeal, we held that the trial court also should have granted the motion with respect to the remaining two counts because (i) "[t]he finding of ineffective assistance as to Counts 1-4, the counts for which [the defendant] received the greatest sentences, undermined the voluntariness and the validity of the plea as to the remaining counts of the indictment," id. at 674 (citation and punctuation omitted), and (ii) it was appropriate to view the defendant's negotiated plea agreement as "a package deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole," id. at 675 (punctuation omitted). Our decision to treat the defendant's negotiated guilty plea and sentence as a package deal in *Clue* must be viewed in the context of (i) a timely motion to withdraw a guilty plea and (ii) a finding of ineffective assistance as to some counts that necessarily impacted the defendant's decision to plead guilty on all counts of conviction. Neither situation is present here.

Because the permanent restraining order constitutes an illegal indeterminate condition of Tilman's probation, we vacate the trial court's order denying his motion to modify his sentence and remand this case for the trial court to correct his probated sentence to comply with the law. See OCGA § 42-8-34 (g) (providing that a sentencing court retains jurisdiction during any period of probation to modify or correct a probated sentence as necessary).

*Judgment vacated and case remanded with direction. Doyle, P. J., and Gobeil, J., concur.*