**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 11, 2023**

# In the Court of Appeals of Georgia

A23A0792. THE STATE v. AULT.

BROWN, Judge.

A jury found Morgan Ault guilty of burglary in the first degree, a felony,[1] and the trial court sentenced him to serve seven years in prison. The State appeals, contending that the sentence is void because the trial court failed to sentence Ault to the maximum sentence of 25 years under the recidivist statute, OCGA § 17-10-7. We agree and therefore vacate Ault's sentence and remand this case with direction that the trial court impose the maximum sentence of 25 years.

The record shows that the State indicted Ault for burglary in the first degree and entering an automobile for his conduct on November 21, 2020. The State subsequently gave notice that it sought to seek recidivist sentencing of Ault under

---

[1] OCGA § 16-7-1 (b).

OCGA § 17-10-7 (a) and (c) based upon prior felony convictions for burglary, as well as felony convictions for entering an automobile. During the sentencing hearing, the State presented evidence of a 2001 felony conviction for entering an auto, a 2010 felony burglary conviction, a 2012 felony burglary conviction, two felony burglary convictions in 2017 resulting from one indictment,[2] a 2017 felony conviction for entering an auto, and a 2019 felony burglary conviction. In sum, Ault had two prior felony convictions for entering an auto and four previous burglary convictions.

Before the sentencing hearing, the trial court asked both parties to submit a brief regarding whether any portion of Ault's sentence could be suspended. In both its brief and the sentencing hearing, the State, citing *State v. Stanford*, 312 Ga. 707 (864 SE2d 448) (2021), argued that the trial court could only sentence Ault to the maximum sentence (25 years) to be served in prison for the entirety of that sentence. In contrast, the defense claimed that *Stanford* only barred the trial court from suspending any sentences for defendants with four or more burglary convictions. Therefore, the defense claimed that the trial court still retained the discretion to

---

[2] See OCGA § 17-10-7 (d) ("For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction.").

2

sentence Ault to any sentence between 5 and 25 years. After considering these arguments, the trial court sentenced Ault to seven years in prison.

On appeal, the State contends that the trial court erred by imposing a seven-year sentence instead of the maximum sentence required under OCGA § 17-10-7. "[W]hether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject to de novo review." (Citation and punctuation omitted.) *Caldwell v. State*, 355 Ga. App. 608, 609 (845 SE2d 345) (2020).

OCGA § 17-10-7 states, in pertinent part:

(a) Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state . . . , commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

. . .

(c) Except as otherwise provided in subsection (b) or (b.1) of this Code section and subsection (b) of Code Section 42-9-45, any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state shall, upon conviction for such

3

fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

. . .

(e) This Code section is supplemental to other provisions relating to recidivous offenders.

OCGA § 17-10-7 (a), (c), and (e).

Ault, on the other hand, contends that the trial court retained discretion under the specific burglary statute, OCGA § 16-7-1 (b), to impose any sentence between 5 and 25 years. OCGA § 16-7-1 (b) provides: "Upon the third and all subsequent convictions for burglary in the first degree, the defendant shall be guilty of a felony and shall be punished by imprisonment for not less than five nor more than 25 years."

In *Goldberg v. State*, 282 Ga. 542, 545 (651 SE2d 667) (2007), the Supreme Court of Georgia decided the issue presented by the parties in this case and concluded that a defendant with prior felony convictions other than burglary was subject to the recidivist sentencing provisions of OCGA § 17-10-7 (c) rather than those found in the specific burglary statute, OCGA § 16-7-1 (c). It explained:

4

[S]ubsection (e) of OCGA § 17-10-7 provides that the general recidivist sentencing statute for habitual felons is "supplemental" to other recidivist sentencing statutes such as OCGA § 16-7-1 (b). When the General Assembly enacted OCGA § 16-7-1 (b), it did not provide that OCGA § 17-10-7 would not be applicable to subsequent convictions for burglary. Therefore, when OCGA § 16-7-1 (b) and OCGA § 17-10-7 (a) are harmonized, the former specific recidivist statute applies when the defendant is a habitual burglar having only prior convictions for burglary, whereas the latter general recidivist statute applies when the defendant is a habitual felon with prior convictions for other crimes. Any other holding fails to give effect to the General Assembly's intent that subsection (e) of OCGA § 17-10-7 be given substantive consideration. Construing the two provisions together, the General Assembly intended that a habitual burglar be given the benefit of the trial court's sentencing discretion, but it further intended, that a habitual burglar who is also a habitual felon be subject to the imposition of the longest sentence prescribed for the subsequent offense for which he or she was convicted.

(Citations omitted.) Id. at 547. Accordingly, the trial court erred by failing to sentence Ault to the maximum sentence of 25 years. Id. See also *Harvey v. State*, 344 Ga. App. 761, 772-773 (3) (811 SE2d 479) (2018).[3]

---

[3] To the extent Ault contends that the Supreme Court of Georgia's decision in *Stanford*, 312 Ga. at 709-710, authorized the trial court to impose a sentence less than 25 years, we disagree. In *Stanford*, the Supreme Court of Georgia decided only that OCGA § 17-10-7 (a)'s authorization for the trial court to impose a suspended

5

*Judgment vacated and case remanded with direction. McFadden, P. J., and Markle, J., concur.*

---

sentence is expressly limited by any restrictions imposed by other laws and that the prohibition in OCGA § 16-7-1 (d) against suspended sentences for defendants with four or more burglary convictions controlled. 312 Ga. at 710.