**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 27, 2026**

# In the Court of Appeals of Georgia

A26A1136. GOOGLE, LLC v. WHITE.

A26A1149. REVENKO v. WHITE.

RICKMAN, Presiding Judge.

These consolidated appeals arise in a divorce action between Stacee and James White. The limited record on appeal shows that Stacee White filed an objection to and motion to quash James White's notice of deposition and subpoena for the production of evidence to non-party Google, LLC. Google also objected to the subpoena and notice to produce on numerous grounds. Following a hearing , the trial court issued an order denying Stacee White's motion to quash and ordering Google and its employee, Laura Revenko, to comply with the deposition notices and deposition

subpoenas sent in connection with discovery in the divorce action.[1] Google and Revenko have filed direct appeals from the trial court's order.

"Although not raised by either party, it is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction." *Clay v. Douglasville-Douglas County Water & Sewer Auth.*, 357 Ga. App. 434, 436(1) (848 SE2d 733) (2020) (punctuation omitted). For the reasons set forth below, we conclude that we do not have jurisdiction in these cases.

In their notices of appeal, Google and Revenko assert that the trial court's order is directly appealable under the collateral order doctrine, which

> is to be applied if the order being appealed (1) resolves an issue that is "substantially separate" from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it.

*Hickey v. RREF BB SBL Acquisitions*, 336 Ga. App. 411, 412(1) (785 SE2d 72) (2016) (punctuation omitted). As pointed out by Google and Revenko, this Court has concluded that a discovery order directed at a disinterested third party is treated as a

---

[1] The record on appeal does not include a notice of deposition or subpoena for the production of evidence addressed to non-party Revenko.

directly appealable final order under the collateral order doctrine. See id. at 413(1); see also *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016) ("[A]n order that satisfies the requirements of the collateral order doctrine is considered to be effectively final and would be appealable because it comes within the terms of a relevant statutory right to appeal final judgments.") (punctuation omitted). "The collateral order doctrine, however, addresses only the issue of finality and does not address whether the judgment is subject to the discretionary appeal procedure." *Bradberry v. State*, 315 Ga. App. 434, 436 (727 SE2d 208) (2012). And OCGA § 5-6-34(a)(1)(B), which addresses appealable final judgments, provides for the direct appeal of all final judgments, "*except* as provided in Code Section 5-6-35[.]" (emphasis added).

Thus, even in situations where a trial court issues an order that is procedurally subject to direct appellate review, "an application for appeal is required when the 'underlying subject matter' is listed in OCGA § 5-6-35(a)." *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994). Because the underlying case here is a divorce action, Google and Revenko were required to file discretionary applications, notwithstanding the fact that the trial court's order may have otherwise qualified as a collateral order

3

allowing immediate appeal. See id.; *Bradberry*, 315 Ga. App. at 436-37; OCGA § 5-6-35(a)(2);[2] McFadden, Sheppard et al., Ga. Appellate Practice § 13:3 (2025). They have not done so and, consequently, we must dismiss these appeals for lack of jurisdiction.

*Appeals dismissed. Brown, C. J., and Mercier, J., concur.*

---

[2] "Appeals from judgments or orders in divorce, alimony, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony or holding or declining to hold persons in contempt of such alimony judgment or orders" shall be by application. OCGA § 5-6-35(a)(2), (b).